OPINION OF THE COURT
Memorandum.
The appeal should be dismissed, without costs, on the ground of mootness.
On November 19,1979, defendant village adopted a resolution declaring a housing emergency with respect to buildings with 16 or more housing accommodations and applied the Emergency Tenant Protection Act (ETPA) (L 1974, ch 576, § 4) § 3 (a) thereto. As a result, rentals in those accommodations were frozen as of the date of the resolution. Plaintiff, an owner of an apartment building with 16 or more units, commenced this action seeking to declare the resolution void on the ground that defendant neglected to conduct a survey or use other recent data to establish the vacancy rate required by the enabling statute. The Appellate Division accepted plaintiff’s argument and invalidated the 1979 adoption of ETPA. The order of the Appellate Division was automatically stayed pursuant to the provisions of CPLR 5519 (a) (1) and the 1979 resolution freezing rentals in the subject apartments remained in effect on the appeal to this court. On December 18, 1984, while the appeal was pending, defendant readopted the ETPA, superseding the challenged resolution, and basing its vacancy rate determination this time *950 on a recent survey. The rent freeze established in 1979 was thus continued.
Inasmuch as the rentals will be the same whether or not plaintiff prevails on this appeal, it is conceded that the appeal is moot. We agree and would but note further that none of the three exceptions to the mootness doctrine under which this court could retain jurisdiction are applicable (see, Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 437).
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), appeal dismissed, without costs, in a memorandum.