■ SPRING VALLEY GARDENS ASSOCIATES et al., Respondents-Appellants, v RICHARD A. BERMAN, as Commissioner of the State of New York Division of Housing and Community Renewal, et al., Defendants, and VILLAGE OF SPRING VALLEY et al., Appellants-Respondents. (Action No. 1.) JOSEPH FELD et al., Respondents, v RICHARD A. BERMAN, as Commissioner of the State of New York Division of Housing and Community Renewal, et al., Defendants, and VILLAGE OF SPRING VALLEY, Appellant. (Action No. 2.) STEVEN PEKOFSKY et al., Respon-

dents, v VILLAGE OF SPRING VALLEY et al., Appellants. (Action No. 3.) BERRY ESTATES, INC., et al., Respondents, v VILLAGE OF SPRING VALLEY et al., Appellants. (Action No. 4.) In the Matter of BLUEBERRY HILL MANAGEMENT CORP. et al., Appellants, v JOSHUA ZUCKERMAN et al., Respondents. (Action No. 5.)—In four consolidated actions and a special proceeding pursuant to CPLR article 78, *inter alia,* to declare void resolutions adopted by the Village of Spring Valley on December 5, 1978 and May 26, 1981, respectively, both of which declared a rent emergency in the Village of Spring Valley, the Village of Spring Valley (a defendant in actions Nos. 1, 2, 3 and 4 and the respondent in the proceeding) and the State of New York, Division of Housing and Community Renewal (a defendant in actions Nos. 3 and 4 and the proceeding), separately appeal, and the plaintiffs in action Number 1 and the petitioners in the proceeding cross-appeal from stated portions of a judgment of the Supreme Court, Rockland County (Nastasi, J.), dated June 21, 1984, which, *inter alia,* declared the resolution dated May 26, 1981 null and void.

Appeals and cross appeal dismissed as academic, without costs or disbursements.

By resolution dated December 5, 1978, the Village of Spring Valley declared that a public emergency existed which required the regulation of residential rents in all residential housing accommodations in the Village of Spring Valley. This court previously determined that such resolution was valid and was properly adopted pursuant to the provisions of the Emergency Tenant Protection Act of 1974 (hereinafter ETPA) (McKinney's Uncons Laws of NY § 8623 [a]; *see, Spring Val. Gardens Assoc. v Marrero,* 100 AD2d 93, *appeal dismissed* 62 NY2d 801). The order of this court in the *Marrero* case has recently been affirmed by the Court of Appeals *(see, Spring Val. Gardens Assoc. v Marrero,* 68 NY2d 627). Thus, the validity of the December 5, 1978 resolution has been finally determined.

While the legality of the resolution dated December 5, 1978 was still *sub judice,* the village issued another resolution, dated May 26, 1981, which was effectively identical to the December 5, 1978 resolution. This subsequent resolution also declared that a public emergency existed, but unlike the prior resolution, contained a proviso that such emergency required only "the regulation of residential rents in multiple residential housing accommodations of six (6) dwelling units or more in the Village of Spring Valley". This additional language is entirely superfluous, since under no circumstances may hous-

ing accommodations in buildings consisting of fewer than six dwelling units be subject to ETPA controls (see, McKinney's Uncons Laws of NY § 8625 [a] [4]). Nonetheless, several owners instituted various actions and proceedings seeking to have this subsequent resolution declared void. The trial court found that the village had not complied with the notice requirements of the ETPA (see, McKinney's Uncons Laws of NY § 8623 [c]) and held that the May 26, 1981 resolution was therefore invalid. The court also found, however, that pursuant to this court's order in *Spring Val. Gardens Assoc. v Marrero (supra)*, the 1978 resolution remained in effect. These appeals followed.

We find that all the questions presented on this appeal are academic. The 1981 resolution accomplished nothing which had not already been accomplished pursuant to the 1978 resolution, which is still fully effective. Thus, no substantial rights of the parties would be affected by any court order either validating or invalidating the 1981 resolution, since that resolution was redundant. Accordingly, since none of the exceptions to the mootness doctrine apply (see, *Colonial Arms. Apts. v Village of Mount Kisco*, 64 NY2d 948, *dismissing appeal from* 104 AD2d 964), the appeals and cross appeal are dismissed as moot. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.